# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10-CV-00280-FDW-DSC

| | |
|---|---|
| HAFID McINTYRE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) ORDER AND |
| CHASE HOME FINANCE, LLC, | ) NOTICE<br>) |
| Defendant. | )<br>)<br>) |

THIS MATTER is before the Court following the filing of Defendant's Motion to Dismiss (Doc. No. 9) pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, wherein Defendant has moved the Court to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),[1] the Court advises Plaintiff, who is proceeding *pro se*, that he must show in his response to Defendant's motion that his complaint contains sufficient allegations to support a cause of action against Defendant that is recognized by law.

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the

---

[1] The specific language of Roseboro addressed the responsive burden for a *pro se* party in the context of a motion for summary judgment, but the Court, out of abundance of caution, provides Plaintiff with a similar notice regarding Defendant's motion to dismiss.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.)

Plaintiff is advised that he has until **Tuesday, September 21, 2010**, to file his response to Defendant's motion in light of the above standard. Plaintiff's response must be served on the Defendant and must include a certificate of service indicating the manner in which Plaintiff served Defendant. <u>Plaintiff's failure to respond may result in Defendant being granted the relief it seeks, which is dismissal of Plaintiff's complaint</u>.

Additionally, the Court has reviewed Defendant's request for a preliminary hearing on its motion to dismiss. (Doc. No. 11). The Court denies Defendant's request because the Court finds no need for a hearing at this stage based on a review of the record. If the Court finds a hearing is necessary at a later date, then the Court will schedule a hearing accordingly.

The Clerk is directed to send a copy of this Order/Notice to Plaintiff at 7208 Applecross Lane, Charlotte, NC 28215, which is Plaintiff's address of record, and to counsel for Defendant. IT IS SO ORDERED.

Signed: August 24, 2010

Frank D. Whitney
United States District Judge