| | |
|---|---|
| HAFID MCINTYRE,           )<br>                                          )<br>             Plaintiff,           )<br>v.                                      )<br>                                          )<br>CHASE HOME FINANCE, LLC, )<br>                                          )<br>             Defendant.         )<br>                                          ) | NOTICE |

THIS MATTER is before the Court pursuant to Defendant's Supplemental Motion to Dismiss (Doc. No. 15) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, wherein Defendant moves the Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  This Motion supplements Defendant's still-pending Motion to Dismiss pursuant to Rule 12(b)(6).  (Doc. No. 9.)  After Defendant submitted its 12(b)(6) Motion, the Court issued a Roseboro Notice (Doc. No. 12) to *pro se* Plaintiff advising him of the burden he carries.  Because Defendant has supplemented its motion to include an additional ground for dismissal under Rule 12(b)(1), the Court issues this second Roseboro Notice advising Plaintiff of his burden in light of Defendant's supplemented Motion to Dismiss.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he carries the burden in showing that subject matter jurisdiction exists.  In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768-69 (4th Cir. 1991), the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v.

Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Id. at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Plaintiff's burden to show the Court how it has subject matter jurisdiction over this action *is in addition to* Plaintiff's burden noted by the Court in its first Roseboro Notice of August 25, 2010. (Doc No. 12.) Because the instant motion adds another ground for dismissal to an already-pending motion, Plaintiff will have additional time in which to respond to both Defendant's 12(b)(1) and 12(b)(6) motions to dismiss. Accordingly, Plaintiff will be allowed twenty-one (21) days from the date of this Notice, or until **Friday, October 8, 2010**, to respond to **both** Defendant's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) (Doc. No. 15) and Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. No 9.) Plaintiff's failure to respond to either ground for dismissal may result in Defendant being granted the relief it seeks, which is dismissal of Plaintiff's complaint.

The Clerk is directed to send a copy of this Notice to Plaintiff at 7208 Applecross Lane, Charlotte, NC 28215, which is Plaintiff's address of record, and to counsel for the Defendant. IT IS SO ORDERED.

Signed: September 17, 2010

Frank D. Whitney
United States District Judge