# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10-cv-280-FDW-DSC

| | |
|---|---|
| HAFID MCINTYRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CHASE HOME FINANCE, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court upon Defendant Chase Home Finance, LLC's Motion to Dismiss and Supplemental Motion to Dismiss. (Docs. Nos. 9, 15). This Court issued a notice to *pro se* Plaintiff on August 25, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his burden in responding to Defendant's Motion. (Doc. No. 12). Upon Defendant filing its Supplemental Motion to Dismiss, adding lack of subject matter jurisdiction as a ground for dismissal, the Court issued a second Roseboro Notice on September 17, 2010, advising Plaintiff of his burden to address both grounds for dismissal. (Doc. No. 16). Plaintiff was given until October 8, 2010, to file his response to Defendant's Motions. In both Roseboro Notices, the Court warned that, "Plaintiff's failure to respond may result in Defendant being granted the relief it seeks, which is dismissal of Plaintiff's complaint." (Doc. No. 12 at 2; Doc. No. 16 at 2).

To date, Plaintiff has failed to respond and has entered no other pleadings in this case. On September 21, 2010, Defendant notified the Court that it has been unable to contact Plaintiff in order to schedule a Rule 26(f) Initial Attorneys' Conference. (Doc. No. 17). On December 27, 2010, the Court's Case Management Order (Doc. No. 18) was returned as undeliverable. Likewise, on January 12, 2011, the Court's Order Staying Deadlines (Doc. No. 20), sent to the same address of

record, was also returned as undeliverable and unable to be forwarded. (Doc. No. 21). Plaintiff has made no attempt to contact the Court and has not updated his address of record.

"[A] district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute. . . . [S]uch authority derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Eriline Co., S.A. v. Johnson</u>, 440 F.3d 648, 654 (4th Cir. 2006) (quoting <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962)).

ACCORDINGLY, IT IS, THEREFORE, ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with orders of the Court.

The Clerk is directed to terminate any pending motions and CLOSE the case.

Though the Court is aware that Plaintiff's address is apparently not current, the Clerk is directed to mail a copy of this Order to *pro se* Plaintiff at his address of record in case a forwarding address has now been submitted.

IT IS SO ORDERED.

Signed: January 26, 2011

*[signature]*
Frank D. Whitney
United States District Judge